# 15-1164-cv

United States Court of Appeals

*for the*

## Second Circuit

———◆———

FLO & EDDIE, INC., a California Corporation,
individually and on behalf of all others similarly situated,

*Plaintiff-Appellee,*

– v. –

SIRIUS XM RADIO, INC., a Delaware Corporation,

*Defendant-Appellant,*

DOES, 1 THROUGH 10,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**REPLY OF HOWARD ABRAMS, BRANDON BUTLER, MICHAEL CARRIER, MICHAEL CARROLL, RALPH CLIFFORD, BRIAN FRYE, WILLIAM GALLAGHER, ERIC GOLDMAN, JAMES GRIMMELMANN, YVETTE LIEBESMAN, BRIAN LOVE, TYLER OCHOA, DAVID OLSON, DAVID POST, MICHAEL RISCH, MATTHEW SAG, REBECCA TUSHNET, AND DAVID WELKOWITZ IN SUPPORT OF MOTION FOR LEAVE TO FILE A BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANT-APPELLANT SIRIUS XM RADIO INC.**

EUGENE VOLOKH
UCLA SCHOOL OF LAW
385 Charles E. Young Drive East
Los Angeles, CA 90095
(310) 206-3926

*Attorney for Amici Curiae Copyright and Intellectual Property Law Professors*

**REPLY OF HOWARD ABRAMS, BRANDON BUTLER, MICHAEL CARRIER, MICHAEL CARROLL, RALPH CLIFFORD, BRIAN FRYE, WILLIAM GALLAGHER, ERIC GOLDMAN, JAMES GRIMMELMANN, YVETTE LIEBESMAN, BRIAN LOVE, TYLER OCHOA, DAVID OLSON, DAVID POST, MICHAEL RISCH, MATTHEW SAG, REBECCA TUSHNET, AND DAVID WELKOWITZ IN SUPPORT OF MOTION FOR LEAVE TO FILE A BRIEF *AMICI CURIAE* IN SUPPORT OF DEFENDANT-APPELLANT SIRIUS XM RADIO INC.**

## PRELIMINARY STATEMENT

Flo & Eddie essentially contend that proposed *amici* should not be allowed to file a brief in support of Sirius XM's existing arguments, because that would be redundant, and that proposed *amici* should not be allowed to file a brief with any new arguments, because that would improperly inject new issues into the case. In other words, proposed *amici* can't make any existing arguments and can't make any new arguments. That can't be the law, because it would leave no role for any proposed *amici* in any case. The proper standard is stated in the Committee Notes to the 1998 Amendments to Federal Rule of Appellate Procedure 29(b) (quoting U.S. Supreme Court Rule 37.1): "An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court." Because the proposed Brief *Amici Curiae* of the above-named law professors contains such relevant matter, it is not redundant, and the motion for leave to file a brief *amici curiae* by the above-named professors should be granted.

1

# I. THE PROPOSED BRIEF *AMICI CURIAE* CONTAINS RELEVANT MATTER THAT HAS NOT ALREADY BEEN BROUGHT TO THE ATTENTION OF THE COURT BY THE PARTIES.

The legal standard for whether a motion for leave to file an *amicus curiae* brief should be granted is stated in Federal Rule of Appellate Procedure 29(b): the moving party should explain "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." As explained in the Committee Notes to the 1998 Amendments to Rule 29(b): "An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court." (quoting (quoting U.S. Supreme Court Rule 37.1).

Flo & Eddie spends two pages of its opposition (pages 10-11) inviting this Court to compare the brief of Sirius XM with pages 5-18 of the proposed brief *amici curiae*, in an effort to demonstrate its alleged redundancy. In fact, however, the proposed *amicus* brief brings to this Court's attention the following relevant material that was not cited by the parties in their briefs:

- Testimony from seven performing artists and recording companies (and the Register of Copyrights) over a period of thirty years (1961-1991) that they did not have any existing right to collect royalties for the public performance of sound recordings, including evidence that demonstrates they were expressly referring to rights in pre-1972 sound recordings under state law, as well as federal law (proposed *amicus* brief at 15-18);

- Four law review articles on performance rights in sound recordings, all of which agree there was no existing public performance right for sound recordings, while disagreeing whether Congress should create one (proposed *amicus* brief at 7, 10, 13)

- A book on the history of music copyright in the United States, published by the American Bar Association, that states that this Court's decision in *RCA, Inc. v. Whiteman*, 114 F.2d 86 (2d Cir. 1940), was considered "the last word on the legality of broadcasting sound recordings" (proposed *amicus* brief at 5-7);

- A Copyright Law Revision Report on the Unauthorized Duplication of Sound Recordings, written by a former Register of Copyrights, and at least ten cases that were not otherwise cited by the parties (proposed *amicus* brief at 3-6).

In addition, the proposed *amicus* brief contains something that the Court cannot get from the parties: the perspective of eighteen unbiased observers, experts in the field of copyright and intellectual property, none of whom have a

3

financial interest in the outcome of the case. The proposed *amici* law professors are not "allies of the litigants," as Flo & Eddie suggest in their brief (at p. 3). Some of the proposed *amici* believe that Congress should create a public performance right for pre-1972 sound recordings, while some of them do not. What they all agree upon is that Congress must be the one to create such a right, because no such right currently exists under either state or federal law, and because broadcasting by its very nature cannot be confined to the boundaries of a single state.

Flo & Eddie acknowledge that leave to file an *amicus* brief is proper if the *amici* "are articulating a distinctive perspective or presenting specific information . . . that go[es] beyond what the parties whom the *amici* are supporting have been able to provide." (Opposition Brief at 12.) The proposed brief *amici curiae* of these 18 law professors meets both of these standards. It articulates a distinctive perspective, because *amici* are unbiased observers with no financial interest in the outcome; and it presents specific relevant information that was not brought to the attention of this Court by the parties. For this reason, the proposed *amicus* brief is both "relevant" and "desirable" within the meaning of Federal Rule of Appellate Procedure 29(b), and leave to file the brief should be granted.

WHEREFORE, the undersigned counsel respectfully requests that the Court grant the motion for leave to file the brief *amici curiae* attached to its previously-filed motion.

Respectfully submitted,

Dated August 21, 2015          By:  /s/ Eugene Volokh_____

Eugene Volokh
UCLA School of Law
385 Charles E. Young Drive East
Los Angeles, CA  90095
(310) 206-3926
volokh@law.ucla.edu

Counsel of Record for Proposed *Amici Curiae* Copyright and Intellectual Property Law Professors